PAUL V. BENNETT, ESQ.
State Bar No. 130225
**BENNETT LEGAL SERVICES, INC.**
447 Sutter Street, Suite 506
San Francisco, CA 94108
*pbennett@bennettlaw.net*
Tel: 410.353.4994
Attorney for Plaintiff
EULALIO CASTELLANOS

## UNITED STATES DISTRICT COURT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| EULALIO CASTELLANOS, an individual,<br><br>Plaintiff,<br>v.<br><br>CENTRAL CALIFORNIA LEGAL SERVICES, INC and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>1. **Age Discrimination in Violation of the Age Discrimination in Employment Act, ("ADEA") as amended, 29 U.S.C. § 621, et seq.**<br>2. **Disability Discrimination in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101, et seq.**<br>3. **Failure to Grant Remote Work as a Reasonable Accommodation in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101, et seq.**<br>4. **Failure to Engage in Interactive Process as required by the Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101, et seq.**<br>5. **Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq**<br>6. **Retaliation in Violation of the Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12203**<br>7. **Wrongful Termination in Violation of Public Policy (Tameny Claim) — Cal. Labor Code §§ 1101, 1102; NLRA 29 U.S.C. § 157** |

Plaintiff EULALIO CASTELLANOS ("Plaintiff"), by and through his attorney of record Paul V. Bennett of Bennett Legal Services, Inc. and hereby complains against CENTRAL CALIFORNIA LEGAL SERVICES, INC ("Defendant") and alleges as follows:

**PARTIES**

1.  Plaintiff is a male, over 40 years old, (YOB 1957), with disabilities namely Post Traumatic Stress Disorder ("PTSD") and Depression, and at all relevant times was an employee of Defendant.

2.  Defendant is a California corporation registered with the State of California to do business in California with a principal address at 2115 Kern Street, Suite 200, Fresno, CA 93721.

3.  At all relevant times, Defendant was Plaintiff's employer and conducted business in Fresno, California.

4.  At all relevant times, Defendant was aware of Plaintiff's sex, age and disabilities.

5.  The true name and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 at this time are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this claim for damages to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible jointly and severally, for the events and injuries described herein and caused damages thereby as alleged herein.

6.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every co-defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of other codefendant, and in doing the actions hereinafter mentioned, was and/or is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture or single enterprise, and with the permission and consent of each co-defendant.

Plaintiff alleges that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (hereinafter "Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("hereinafter "ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (hereinafter "ADEA").

8.  This Court has supplemental jurisdiction over Plaintiff's state law claim for wrongful termination in violation of public policy pursuant to 28 U.S.C. § 1367(a), as that claim is so related to the federal claims that it forms part of the same case or controversy. Plaintiff's state law claim arises from the same nucleus of operative facts — specifically, Defendant's termination of Plaintiff's employment — as the federal claims asserted herein.

9.  Venue is proper because all or most of the acts that gave rise to this action occurred in Fresno County, California.

**EXHAUSTATION OF ADMINISTRATIVE REMEDIES**

10. On December 11, 2025 Plaintiff filed a discrimination charge with the EEOC.

11. On January 13, 2026, Plaintiff received the Right to Sue Notice. Therefore, Plaintiff has exhausted his administrative avenues prior to filing this case.

**GENERAL ALLEGATIONS**

12. Plaintiff is a male, over 40 years old, YOB 1957, who suffers from post-traumatic stress disorder, ("PTSD") and depression.

13. On or about October 21, 2021, Defendant hired Plaintiff for the position of Staff Attorney. Eventually, Plaintiff was promoted to Senior Staff Attorney.

14. Plaintiff performed well as Senior Staff Attorney, and earned positive performance

evaluations and feedback throughout his employment with Defendant.

15. Defendant was aware of Plaintiff's age and sex since the inception of Plaintiff's employment with Defendant.

16. Defendant was aware of Plaintiff's disability, namely PTSD and depression since in or around January 16/17, 2025.

17. Due to Plaintiff's disabilities Plaintiff qualified to have emotional support animals.

18. For most of his employment with Defendant Plaintiff worked remotely from Los Angeles. However, Plaintiff's assigned physical office was located in Visalia, California.

19. Notably, during his employment with Defendant Plaintiff was elected Chapter President for SEIU and he was part of the negotiating team for the union contract in the years of 2024 through 2025. In addition, as part of his elected position, Plaintiff raised concerns about Defendant's failure to replace attorneys that were resigning.

20. During his employment with Defendant, Plaintiff developed a close relationship with a female co-worker. Plaintiff and this female co-worker exchanged texts, phone calls, exchanged gifts, Plaintiff met her family, pets and Plaintiff attended this female's co-worker birthday.

21. On or about January 16 and17, 2025, Plaintiff requested a reasonable accommodation to extend his mileage arrangement until he was able to move to Visalia with his support animals. Nevertheless, Plaintiff's request was never investigated or approved by Defendant's General Counsel, Jonathan Ota, ("Ota").

22. On or about March 26, 2025, Plaintiff's dog Bonita, passed away and Plaintiff requested time off to cope with the death of Bonita. Specifically, Plaintiff's depression was severely exacerbated by the death of his emotional support animal, Bonita. Of note, Plaintiff's request for time off was ignored by Mr. Ota.

23. Thereafter, on or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota

COMPLAINT

communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

24. Plaintiff denied the accusations of sexual harassment against him.

25. On or about April 9, 2026, Plaintiff requested a copy of his personnel file; however, Plaintiff was not allowed to review the evidence of sexual harassment made against him by his female co-worker friend.

26. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his age (YOB 1957), disabilities, and sex were substantial factors in the decision to terminate Plaintiff's employment. Furthermore, Plaintiff alleges that Defendant terminated Plaintiff in retaliation for Plaintiff's union activities.

27. Upon information and belief, Plaintiff alleges that Defendant's younger employees were treated more favorable than Plaintiff, and were allowed to work part-time and/or full-time remotely. However, Plaintiff's request for accommodation to extend his mileage arrangement until he was able to move to Visalia with Plaintiff's support animals was ignored.

28. Upon information and belief, Plaintiff alleges that one of the Defendant's females employees perpetrated an act of sexual harassment against another female employee; however, the female employee perpetrator did not suffer any employment adverse action like Plaintiff.

**FIRST CAUSE OF ACTION**
**Age Discrimination in Violation of the Age Discrimination in Employment Act, ("ADEA") as amended, 29 U.S.C. § 621, et seq.**

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30. Plaintiff was an employee of Defendant.

31. Plaintiff was a member of a protected class, over 40 years old, throughout the time of the

COMPLAINT

subject discriminatory acts.

32. Plaintiff was highly qualified for the position of Senior Staff Attorney which he served under the employ by the Defendant.

33. Plaintiff satisfactorily performed his duties as Senior Staff Attorney during his employment with the Defendant.

34. On or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

35. Plaintiff denied the accusations of sexual harassment against him and requested a copy of his personnel file; however, Plaintiff's request was denied and was not allowed to review the evidence of sexual harassment made against him by his female co-worker friend.

36. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his age (YOB 1957), was a substantial factor in the decision to terminate Plaintiff's employment.

37. Upon information and belief, Plaintiff alleges that Defendant's younger employees were treated more favorable than Plaintiff, and were allowed to work part-time and/or full-time remotely. However, Plaintiff's request for accommodation to extend his mileage arrangement until he was able to move to Visalia with Plaintiff's support animals was ignored.

38. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

39. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical

COMPLAINT

pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Disability Discrimination in Violation of Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101, et seq.**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41. Under the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12101 et seq., it is illegal to discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42. Plaintiff is a disabled individual within meaning of the ADA. Specifically, Plaintiff has suffered, and continues to suffer, from PTSD and depression. Plaintiff's disabilities substantially impair Plaintiff from performing major life activities when compared to average individuals.

43. Plaintiff was highly qualified for the position of Senior Staff Attorney which she served under the employ by the Defendant and despite of his disabilities, Plaintiff satisfactorily performed her duties as Senior Staff Attorney during his employment with the Defendant.

44. Defendant is an "employer" within the meaning of the ADA.

45. Defendant was aware of Plaintiff's disabilities at all relevant times.

46. On or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

47. Plaintiff denied the accusations of sexual harassment against him and requested a copy of

his personnel file; however, Plaintiff's request was denied and was not allowed to review the evidence of sexual harassment made against him by his female co-worker friend.

48. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his disabilities were a substantial factor in the decision to terminate Plaintiff's employment.

49. That the intentional discriminatory action complained of above was done with malice and/or with reckless indifference to Plaintiff's rights.

50. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
**Failure to Grant Remote Work as a Reasonable Accommodation in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended 42 U.S.C. § 12101, *et seq.***

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

52. The ADA prohibits employers from discriminating against a disabled employee by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

53. Plaintiff is a disabled individual within meaning of the ADA. Specifically, Plaintiff has suffered, and continues to suffer, from PTSD and depression. Plaintiff's disabilities substantially impair Plaintiff from performing major life activities when compared to average individuals.

54. Plaintiff was highly qualified for the position of Senior Staff Attorney which she served under the employ by the Defendant and despite of his disabilities, Plaintiff satisfactorily performed

her duties as Senior Staff Attorney during his employment with the Defendant.

55. Defendant is an "employer" within the meaning of the ADA.

56. Defendant was aware of Plaintiff's disabilities at all relevant times.

57. On or about January 16 and 17, 2025, Plaintiff requested a reasonable accommodation to extend his mileage arrangement until he was able to move to Visalia with his support animals. Nevertheless, Plaintiff's request was never investigated or approved by Defendant's General Counsel, Jonathan Ota, ("Ota").

58. On or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

59. Plaintiff denied the accusations of sexual harassment against him and requested a copy of his personnel file; however, Plaintiff's request was denied and was not allowed to review the evidence of sexual harassment made against him by his female co-worker friend.

60. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his disabilities and request for accommodation in connection thereof were a substantial factor in the decision to terminate Plaintiff's employment.

61. Upon information and belief, Plaintiff further alleges that Plaintiff's request to extend his mileage arrangement until he was able to move to Visalia with his support animals would not have imposed an undue hardship on the operation of Defendant's business as many others employees of Defendant with similar positions as Plaintiff, were authorized by Defendant to work remotely.

62. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained

COMPLAINT

and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Engage in Interactive Process as required by the Americans with Disabilities Act of 1990 ("ADA") as amended, 42 U.S.C. § 12101, *et seq.***

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

64. Under the Americans with Disabilities Act of 1990, ("ADA") as amended 42 U.S.C. § 12101, et seq. it is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

65. On or about January 16 and 17, 2025, Plaintiff requested a reasonable accommodation to extend his mileage arrangement until he was able to move to Visalia with his support animals. Nevertheless, Plaintiff's request was never investigated or approved by Defendant's General Counsel, Jonathan Ota, ("Ota").

66. On or about March 26, 2025, Plaintiff's dog Bonita, passed away and Plaintiff requested time off to cope with the death of Bonita. Plaintiff's request was ignored by Mr. Ota.

67. On or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

68. Plaintiff denied the accusations of sexual harassment against him and requested a copy of his personnel file; however, Plaintiff's request was denied and was not allowed to review the

evidence of sexual harassment made against him by his female co-worker friend.

69. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his disabilities and request for accommodation in connection thereof were a substantial factor in the decision to terminate Plaintiff's employment.

70. Upon information and belief, Plaintiff further alleges that Plaintiff's request to extend his mileage arrangement until he was able to move to Visalia with his support animals would not have imposed an undue hardship on the operation of Defendant's business as many others employees of Defendant with similar positions as Plaintiff, were authorized by Defendant to work remotely.

71. Plaintiff alleges that Defendant failed to discuss in good faith and provide Plaintiff's accommodation requested by Plaintiff.

72. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq**

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

71. Defendant is an employer within the meaning of Title VII.

72. Plaintiff was an employee of Defendant.

73. Plaintiff was a member of a protected class, (male), throughout the time of the subject discriminatory acts.

74. On or about April 7, 2025, Defendant terminated Plaintiff. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual

harassment. Mr. Ota informed Plaintiff that a female co-worker had raised such accusations against Plaintiff. Upon information and belief, Plaintiff alleges that this female employee was his longtime friend female co-worker.

75. Plaintiff denied the accusations of sexual harassment against him and requested a copy of his personnel file; however, Plaintiff's request was denied and was not allowed to review the evidence of sexual harassment made against him by his female co-worker friend.

76. Plaintiff contends that the grounds for his termination were illegitimate and a mere pretext. Plaintiff alleges that his sex (male) was a substantial factor in the decision to terminate Plaintiff's employment.

77. Upon information and belief, Plaintiff alleges that one of the Defendant's females employees perpetrated an act of sexual harassment against another female employee; however, the female employee perpetrator did not suffer any employment adverse action like Plaintiff.

78. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
**Retaliation in Violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12203**

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

80. The ADA prohibits retaliation against any individual who has opposed any act or practice made unlawful by the ADA, or who has made a charge, testified, assisted, or participated in any manner in an ADA investigation, proceeding, or hearing. 42 U.S.C. § 12203(a).

81. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

82. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

Specifically, Plaintiff has suffered, and continues to suffer, from PTSD and depression, which substantially impair major life activities.

83. On or about January 16 and 17, 2025, Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation from Defendant, specifically requesting an extension of his mileage arrangement to allow him to continue working remotely from Los Angeles until he was able to relocate to Visalia with his emotional support animals.

84. Defendant was aware of Plaintiff's disability and his request for reasonable accommodation at all relevant times.

85. Defendant failed to investigate, engage in the interactive process, or approve Plaintiff's accommodation request. Defendant's General Counsel, Jonathan Ota, ignored Plaintiff's accommodation request without engaging in any good-faith interactive process.

86. On or about April 7, 2025, approximately three months after Plaintiff's protected accommodation request, Defendant terminated Plaintiff's employment. Specifically, Mr. Ota communicated to Plaintiff that he was being terminated on the grounds of accusations of sexual harassment. Upon information and belief, Plaintiff alleges that the stated reason for termination was illegitimate and a mere pretext for retaliation.

87. There exists a causal connection between Plaintiff's protected activity — his January 2025 request for reasonable accommodation — and Defendant's adverse employment action of terminating Plaintiff's employment in April 2025. The close temporal proximity between Plaintiff's accommodation request and his termination, along with Defendant's failure to engage in any interactive process, evidences retaliatory animus.

88. Upon information and belief, Plaintiff further alleges that similarly situated employees of Defendant who did not request reasonable accommodations were not terminated, and that Defendant treated Plaintiff less favorably than employees who had not engaged in ADA-protected

COMPLAINT

activity.

89. That the retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.

90. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy (Tameny Claim) — Cal. Labor Code §§ 1101, 1102; National Labor Relations Act, 29 U.S.C. § 157**

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

92. Under California law, an employer may not discharge an employee in violation of a fundamental public policy of the state. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980). A termination is wrongful when it violates a policy that is delineated in a constitutional or statutory provision, is fundamental and substantial, and was well-established at the time of the discharge. *Stevenson v. Superior Court*, 16 Cal.4th 880 (1997).

93. California Labor Code §§ 1101 and 1102 prohibit employers from making, adopting, or enforcing rules or policies that prevent or tend to prevent employees from engaging in political activities, and from threatening or coercing employees to direct or control their political activities. California courts have recognized that union organizing and collective bargaining activities constitute protected political activities within the meaning of these provisions.

94. Additionally, Section 7 of the National Labor Relations Act, 29 U.S.C. § 157, embodies a fundamental public policy protecting employees' rights to engage in concerted activities for the purpose of collective bargaining and mutual aid or protection. California courts have recognized this federal public policy as a basis for a Tameny wrongful termination claim. See Gantt v. Sentry

Insurance, 1 Cal.4th 1083 (1992).

95. During his employment with Defendant, Plaintiff engaged in protected concerted activities by serving as the elected SEIU Chapter President, participating as a member of the union contract negotiating team in 2024 through 2025, and raising concerns on behalf of fellow employees about Defendant's practice of terminating attorneys without replacement. These activities are protected under Section 7 of the NLRA and California Labor Code §§ 1101 and 1102.

96. Defendant was aware of Plaintiff's union activities and his role as SEIU Chapter President at all relevant times.

97. On or about April 7, 2025, Defendant terminated Plaintiff's employment. Plaintiff contends that the stated grounds for his termination — accusations of sexual harassment — were illegitimate and a mere pretext. Upon information and belief, Plaintiff's protected union activities were a substantial motivating factor in Defendant's decision to terminate his employment, in violation of the fundamental public policies embodied in the NLRA and California Labor Code §§ 1101 and 1102.

98. That the wrongful conduct complained of above was done with malice and/or with reckless indifference to Plaintiff's rights, entitling Plaintiff to punitive damages.

99. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief as follows:

1. Economic damages for lost wages, employment benefits, and other compensation as a result of Defendant's wrongful conduct, no less than $300,000; plus, interest;

15
COMPLAINT

2.  Noneconomic damages for pain and suffering and emotional distress;

3.  Punitive damages;

4.   Statutory attorney's fees; and

5.  Costs of suit.


Dated: April 13, 2026                              **BENNETT LEGAL SERVICES, INC.**

                                        By: *Paul V. Bennett*
                                             _____
                                             Paul V. Bennett
                                             Attorney for Plaintiff
                                             EULALIO CASTELLANOS

16

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff EULALIO CASTELLANOS, hereby demands that this matter be tried by jury.


Dated: April 13, 2026                                    **BENNETT LEGAL SERVICES, INC.**

                                                    *Paul V. Bennett*
                                          By: _____
                                                    Paul V. Bennett
                                                    Attorney for Plaintiff
                                                    EULALIO CASTELLANOS